JON L.R. DALBERG (State Bar No. 128259)
jdalberg@lgbfirm.com
LANDAU GOTTFRIED & BERGER LLP
1801 Century Park East, Suite 700
Los Angeles, California 90067
Telephone: (310) 557-0050
Facsimile: (310) 557-0056

Attorneys for Plaintiff John P. Reitman,
Chapter 11 Trustee



**FILED & ENTERED**

**JUN 08 2018**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** Gonzalez **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>SHIRLEY FOOSE MCCLURE,<br><br>Debtor. | Case No. 1:13-bk-10386-GM<br><br>Chapter 11<br><br>Adv. No. 1:18-ap-01050-GM<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>**Hearing Date and Time:**<br>Date:  May 29, 2018<br>Time: 10:00 a.m.<br>Place: Courtroom 302<br>       21040 Burbank Blvd.<br>       Woodland Hills, California |
| JOHN P. REITMAN, CHAPTER 11 TRUSTEE,<br><br>Plaintiff,<br><br>vs.<br><br>JASON MCCLURE,<br><br>Defendant. | |

The Court having reviewed and considered: the *Motion for Summary Judgment against Defendant Jason McClure* (Docket No. 4) (the "Motion") brought by the plaintiff in the captioned adversary proceeding, John P. Reitman as the Chapter 11 trustee (the "Trustee) for the estate (the "Estate" of Shirley Foose McClure (the "Debtor"); the *Declaration of Jon L.R. Dalberg in Support of Motion for Summary Judgment against Defendant Jason McClure* (Docket No. 6) and the *Corrected Declaration with Exhibits of Jon L.R. Dalberg in Support of Motion for Summary Judgment against Defendant Jason McClure* (Docket No. 10) (together with Docket No. 6, the "Dalberg Decl."); the *Plaintiff's Statement of Undisputed Facts and Proposed Conclusions of Law in Support of Motion for Summary Judgment against Defendant Jason McClure* (Docket No. 5) (the "SUF/Conclusions of Law"); the *Notice of Hearing on Plaintiff's Motion for Summary Judgment against Jason McClure* (Docket No. 15) (the "Notice"); the *Objection by Debtor Shirley Foose McClure to the Complaint for Declaratory Relief and Motion for Summary Judgment of John P. Reitman Chapter 11 Trustee Re Real Property Located at 4365 Lower Honoapiilani Road, Unit 120, Lahaina, Hawaii* (Docket No. 13) (the "Debtor's Objection"); and *Jason McClure's Brief Response and Objection to the Complaint for Declaratory Relief and Motion for Summary Judgment of John P. Reitman Chapter 11 Trustee Re Real Property Located at 4365 Lower Hanoapiilani Road, Unit 120, Lahaina, Hawaii* (Docket No 14) (the "McClure Objection" and, together with the Debtor's Objection, the "Objections"); the Court having issued it tentative ruling on the Motion on May 28, 2018 attached hereto as Exhibit A (the "Tentative Ruling"); a hearing on the Motion having been held before the Court on May 29, 2018 (the "Hearing"), with appearances stated on the record; the Court finding that notice of the Motion was adequate and appropriate under the circumstances and good cause appearing therefore:

**IT IS ORDERED**

1. The Motion is granted in accordance with the Trustee's SUF/Conclusions of Law and for the reasons set forth in the Tentative Ruling and on the record at the Hearing.

2. The Court will enter a judgment in favor of the Trustee that the Trustee may sell real property of the Estate located at 4365 Lower Honoapiilani Road, Unit 120,

1

Lahaina, Hawaii (the "Maui Property") free and clear of the 5% tenant in common interest of Jason McClure pursuant to and in accordance with 11 U.S.C. § 363(h), (i) and (j); and

3. Jason McClure is ordered to deliver to the Trustee his deed, in recordable form, transferring to the Estate his 5% undivided interest as tenant in common in the Maui Property.

###

Date: June 8, 2018

Geraldine Mund
United States Bankruptcy Judge

2

# EXHIBIT A

# United States Bankruptcy Court
# Central District of California
San Fernando Valley
Judge Geraldine Mund, Presiding
Courtroom 303 Calendar

**Tuesday, May 29, 2018**                                                              **Hearing Room    303**

10:00 AM
**1:13-10386    Shirley Foose McClure**                                              **Chapter 11**
Adv#: 1:18-01050      Reitman v. McClure

    **#5.00**     Motion for Summary Judgment Against Defendant
               Jason McClure

                               Docket     4

**Tentative Ruling:**

       Jason McClure has a 5% interest in the Maui condominium of which 95% is owned by the Debtor (his mother).  Jason and Shirley McClure are tenants in common.  Pursuant to the settlement with PMB, the Trustee seeks to sell the condominium.  It is impractical to partition this single residential unit.  A broker has been hired and a stalking horse bidder has offered $410,000.  The Trustee seeks to have the Court order Jason to transfer his interest to the Trustee pursuant to 11 USC §363(h)(j) and (i).  The settlement with PMB is on appeal, but no stay has been requested or granted.

<u>Jason Opposition</u>
       Counsel for the Trustee was aware as of March 2, 2018 that Jason would be out-of-state and unavailable between the middle of April and the middle of May.  They were together at a superior court hearing that day and Mr. Dahlberg never mentioned this motion or tried to resolve the issues.  Jason then describes the delays and lack of information that he has received.  His mother prepared an opposition and Jason agrees with it and request a hearing.  He returned to CA on May 13.

<u>Shirley Opposition</u> -
       Shirley starts by recapping the issue that Jason was out of state and the Trustee was aware of this.
       Jason has treated this as an IRC §1033 election property and there are potential negative tax consequences to him associated with the sale of the Maui property.  He is entitled to the requested documentation on the Maui property.
       Jason and his brother Jeff have spent many hours of work on the Estate properties including this Maui condominium.  Jason also purchased the new furniture for Maui and did all the upgrades since 2012.  Shirley and

# United States Bankruptcy Court
# Central District of California
### San Fernando Valley
### Judge Geraldine Mund, Presiding
### Courtroom 303 Calendar

**Tuesday, May 29, 2018**                                                **Hearing Room    303**

<u>10:00 AM</u>
**CONT...     Shirley Foose McClure                                                        Chapter 11**

Jason are actually 50-50 partners on the rental properties.  Jason is only on title for 5% because Litt structured the §1033 election that way.

In 2017 Jason booked the condo for his ownership use, but the Trustee - without talking to Shirley or Jason - has prevented his future use or booking.  It is due to Jason's labor and funds that the Estate has had any income on this property since 2013.  Prior to the appointment of the Trustee, Jason and Jeff kept the homeowners' fees current.  The Trustee has let them fall into delinquency as about $5,000.

The McClures want information on the income and expenses for 2016, 2017, and to date for 2018.  The Trustee has not provided information on what marketing steps were taken by his agents.  The last appraisal was in 2015-16 for $525,000-$535,000 and there is no information o what it is being sold for $410,000.

There is no notice of default on the Maui condo.  Jason's title share should be free and clear of either default interest or PMB attorney fees.

Jason has provided his services to repair various estate properties and has voluntarily allowed his liens to be transferred.  He has been cooperative in every way.

On her own behalf, the Debtor states that the Trustee and not Dahlberg should be dealing with Jason, tenants, or the Debtor.  That is part of his duties.  Dahlberg charges in the mid-$500/hour range and thus there are exorbitant legal fees.  It was totally unnecessary to file this adversary proceeding since Jason had already given a proposal to Dahlberg and had requested documents and sale and tax information that he needed to review.  In the past, the Trustee has given inaccurate information.

In short. Shirley argues that this property may generate no cash to the estate, but use up valuable net operating losses.  The Debtor then sets forth a list of 11 specific items that the Trustee should provide.

No reply has been received as of May 25 at noon.

<u>Analysis</u>
[The Court is using first names for the McClures as a matter of clarity and not for any other reason.]

This motion for summary judgment deals with the right of the Trustee to sell the interest of a co-owner in property that is property of the Estate.  It is

# United States Bankruptcy Court
# Central District of California
San Fernando Valley
Judge Geraldine Mund, Presiding
Courtroom 303 Calendar

**Tuesday, May 29, 2018**                                                                                                              **Hearing Room    303**

**10:00 AM**
**CONT...    Shirley Foose McClure                                                                                                    Chapter 11**

not a finding that this particular sale will be approved.  Most of the opposition deals with the rights of Jason to information of the impact of the proposed sale on his 5% interest.  It also raises issue of whether Jason should have recompense for time, labor, and money that he has contributed to maintain the various estate properties.

None of that is really relevant to this motion.  11 USC §363(h) is quite specific as to when the Trustee can sell the interest of a co-owner.  The Maui property fits all of these requirements.  This is a single residential unit and it is not practical to partition it.  Also it is certain that if only 95% were sold, it would bring a much lower price or might not be able to be sold at all.  While Jason asserts that the sale will impact his §1033 election, that would occur at any time that this is sold.  I do not understand why a delay would benefit him since I cannot see why he is entitled to a §1033 election when Shirley was not.  Please explain this to show the detriment and why that outweighs paying off PMB and saving the Estate substantial money.  And, of course, this is not used for energy production.

As noted in 11 USC §363(a)(and (j), Jason has the right of first refusal.  He can buy the estate's 95% interest (presumably at 95% of the $410,000 price) and thus protect his §1033 election.  If he does not do that, he will receive his 5% interest after the sale closes.  Here I am not sure whether the liens on the property are apportioned to Jason, but since he has such a small interest, it might not be worth the effort.

While you are all here, let's talk about the motions that are coming up on June 5.  I'm not sure what all this withdrawal of final motions are.  Also are there any issues as to Jason's percent?

| Party Information |
|---|

**Debtor(s):**

    Shirley Foose McClure                                Represented By
                                                                        Andrew  Goodman
                                                                    Yi S Kim
                                                                    Robert M Scholnick
                                                                    James R Felton
                                                                    Faye C Rasch
                                                                    Faye C Rasch
                                                                    Lisa  Nelson
                                                                    Michael G Spector

# United States Bankruptcy Court
# Central District of California
San Fernando Valley
Judge Geraldine Mund, Presiding
Courtroom 303 Calendar

**Tuesday, May 29, 2018**  **Hearing Room  303**

10:00 AM
**CONT...    Shirley Foose McClure**  **Chapter 11**

**Defendant(s):**

   Jason  McClure  Pro Se

**Plaintiff(s):**

   John P. Reitman  Represented By
     Jon L Dalberg

**Trustee(s):**

   John P. Reitman  Represented By
     John P Reitman
     Jon L Dalberg